```
_____ FILED      _____ LODGED
        _____ RECEIVED

           Oct 31 2022

        CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

Magistrate Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT L. DEVARENNES, JR.,<br><br>Defendant. | No. CR22-5123<br><br>PLEA AGREEMENT |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Stuart C. Denton, Special Assistant United States Attorney for said District, and the defendant, ROBERT L. DEVARENNES, JR., and defendant's attorney, Keith A. MacFie, enter into the following Plea Agreement, pursuant to Rule 11(c), Federal Rules of Criminal Procedure.

1. <u>The Charges</u>. The defendant shall enter a plea of guilty to Count I and II of The misdemeanor Superseding Information The defendant understands that Count I charges a violation of 18 U.S.C. §§ 7 and 13, and R.C.W. 46.61.500 (Reckless Driving); and that Count II charges a violation of 18 U.S.C. §§ 7 and 13, and R.C.W. 46.20.342(1)(c) (Driving While License Suspended, 3rd degree).

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 1

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil

2. <u>Statutory Penalties</u>. The defendant understands and acknowledges that the statutory penalties for the charges contained in the two-count misdemeanor Superseding Information are:

<u>Count I</u>: a period of imprisonment of up to three hundred and sixty-four (364) days, a fine of up to five thousand dollars ($5000), a mandatory twenty-five dollar ($25) special assessment penalty, and one (1) year of supervised release; If the defendant receives a sentence of probation, the probationary period could be up to five (5) years.

<u>Count II</u>: a period of imprisonment of ninety days (90), a fine of up to one thousand dollars ($1000), and a mandatory ten dollar ($10) special assessment penalty.

If the defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to certain restrictions and requirements.

Defendant further understands that if supervised release is imposed and defendant violates one or more of its conditions, defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3. <u>Rights Waived by Pleading Guilty</u>. The defendant understands that, by pleading guilty, defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty, and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of defendant's peers;

    c.    The right to the effective assistance of counsel at trial, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant;

    d.    The right to be presumed innocent until guilt has been established at

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 2

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil

trial, beyond a reasonable doubt;

  e. The right to confront and cross-examine witnesses against defendant at trial;

  f. The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

4. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines (USSG), together with the other factors set forth in Title 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, defendant understands and acknowledges that:

  a. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

  b. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 3

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil

5. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. Guidelines Calculation. The Government believes that the base offense level for reckless driving under the Guidelines would be 6. The Government believes that if the defendant receives a two level reduction for acceptance of responsibility, the base offense level would be 4. The Government believes that the defendant's criminal history category is I, thus under the Guidelines schedule the defendant's sentencing range would be 0 to 6 months.

7. The Ultimate Sentence. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose and that the defendant may not withdraw a guilty plea solely because the sentence imposed by the Court may be different from the recommendation of the Government.

8. Sentencing Recommendation. At the time of sentencing, the parties will stipulate to:

COUNT I (Reckless Driving): a period of imprisonment of five (5) days, a fine of five hundred dollars ($500), the mandatory twenty-five dollar ($25) special assessment penalty, and one (1) year of supervised release with standard conditions, and the following special conditions:

   a. The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer. In addition to urinalysis testing that may be a part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
   b. The defendant shall abstain from the use of alcohol and/or all other intoxicants during the period of supervision and enter into alcohol treatment as directed by the supervising probation officer. Defendant must

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 4

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil

contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

  c. The defendant shall not enter any establishment where alcohol is the primary commodity for sale.

  d. The defendant shall not drive without a valid license or insurance.

  e. The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers, computers (as defined in 18 U.S.C.§ 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

  f. The defendant shall only drive a motor vehicle equipped with a functioning ignition interlock device for a period of one (1) year.

COUNT II (Driving While License Suspended, 3rd Degree): no fine, and the mandatory ten dollar ($10) special assessment penalty.

9. Statement of Facts. The parties stipulate to the following facts in support of the plea:

  On January 18, 2021, during the hours of darkness, at Joint Base Lewis-McChord, Washington, within the Western District of Washington and within the special maritime and territorial jurisdiction of the United States, the defendant, ROBERT L. DEVARENNES, JR., was operating a white Volkswagen CC along North Third Street and Pendleton Avenue when he failed to maintain control of the vehicle, causing the vehicle crash into a ditch. A police officer was driving by and observed the defendant and a passenger attempting to remove the vehicle from the ditch. The passenger informed the officer that the defendant had been driving the Volkswagen when it entered the ditch. The defendant and his friend also informed the officer that they had been at a party where they were drinking. The officer learned there was a third passenger in the backseat of the vehicle at the time of the crash. When the officer made contact with the defendant, she detected the odor of an alcoholic beverage emitting from his

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 5

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil

person, and noticed that his eyes were glossy. The defendant submitted to a series of field sobriety tests, which showed signs of impairment.

The defendant was detained and transported to a military police station where he refused to provide a breath sample. A warrant for a sample of the defendant's blood was obtained, which subsequently revealed the presence of .13 g/mL of ethanol. A check of the defendant's driving record revealed that his driving privileges were suspended in the third degree. The defendant operated a vehicle in a reckless manner by driving during hours of darkness, in an area with other vehicles and passengers near North Third Street and Pendleton Avenue, after having consumed alcohol. Citations were later mailed to the defendant.

10. <u>Acceptance of Responsibility</u>. The United States acknowledges that defendant has assisted the United States by timely notifying the authorities of defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. <u>Voluntariness of Plea</u>. Defendant acknowledges that he/she has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce the defendant to enter this plea of guilty.

12. <u>Immigration Consequences</u>. If the defendant is not a United States citizen, the defendant understands that entering a guilty plea may have consequences regarding immigration status. Certain crimes are deportable offenses, and a plea of guilty to any such crime may subject defendant to automatic deportation and removal from the United States. See 8 U.S.C. § 1227(a)(2). Defendant affirms that defendant has been advised of the potential immigration consequences that may result from the entry of the guilty plea contemplated by this Agreement and is prepared to proceed with the guilty plea regardless of any immigration consequences that may result from such guilty plea, even if such consequences include automatic deportation and removal from the United States.

13. <u>Completeness of Agreement</u>. The United States and the defendant acknowledge that these terms constitute the entire Plea Agreement between the parties.

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 6

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil

This Plea Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 30th day of October, 2022.

Telephonically Approved For Entry
By: s/ Keith A. MacFie for:
ROBERT L. DEVARENNES, JR.
Defendant

By: s/ Keith A. MacFie
KEITH A. MACFIE
Attorney for Defendant

/s/ STUART C. DENTON /s/
STUART C. DENTON
Special Assistant United States Attorney

PLEA AGREEMENT
United States v. ROBERT L. DEVARENNES, JR., CR22-5123
pg. 7

Department of the Army
Special Assistant United States Attorney
Office of the Staff Judge Advocate
Box 339500 MS 69
Joint Base Lewis-McChord, WA 98433-9500
(253) 477-1918 – (253) 477-1916 Fax
usarmy.jblm.i-corps.list.sja-sausa@army.mil